**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3**
**Eastern Division**

UNITED STATES OF AMERICA

                              Plaintiff,

v.                                                Case No.: 1:20−cr−00650
                                                        Honorable John Z. Lee

Vincent Storme

                              Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, October 8, 2021:

       MINUTE entry before the Honorable John Z. Lee: As to Vincent Storme. Defendant moves for reconsideration of the Court's 8/19/21 memorandum opinion and order denying his motion to dismiss the indictment based on the First Amendment, arguing that the Court misunderstood his motion as raising a facial challenge to 18 U.S.C. § 2261A(2)(B) when in it actually raised an as−applied challenge. The Court disagrees. Although Defendant passingly characterized his challenge as an "as applied" challenge in the conclusion of his motion to dismiss, see Def.'s Mot. Dismiss Indictment at 11, ECF No. 48, the bulk of his argument asserted that the statute constitutes an impermissible content−based restriction on speech under the #039;time, place, or manner' test set forth in Reed v. Town of Gilbert, 576 U.S. 155 (2015), see id. at 3−11. Much like the overbreadth test, this test represents a kind of facial challenge because it assesses the constitutionality of the statute "on its face," not as applied to the defendant's individual conduct. See United States v. Ackell, 907 F.3d 67, 77 (1st Cir. 2018) (quoting Reed, 576 U.S. at 164). In fact, as the Court explained, the Reed test is only triggered where the government seeks to regulate the 'time, place, or manner' of protected speech in the first place, whereas § 2261A(2)(B) regulates unprotected "harassing and intimidating conduct." See United States v. Gonzalez, 905 F.3d 165, 191 n.10 (3d Cir. 2018). Furthermore, to the extent Defendant's motion to dismiss argued that his alleged conduct is constitutionally protected offensive speech under such cases as United States v. Playboy Entertainment Group, Inc., 529 U.S. 803 (2000), and United States v. Cassidy, 814 F. Supp. 2d 574 (D. Md. 2011), the Court rejected that argument because Defendant has not been charged with merely offensive speech, but instead with unprotected "speech integral to criminal conduct," such as harassment and intimidation. See Gonzalez, 905 F.3d at 193. Neither Defendant's motion to dismiss nor motion to reconsider demonstrates that the allegations of the indictment fall short of such conduct. Accordingly, Defendant 9;s motion for reconsideration [81] is denied. (ca, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of

Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.