UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 20 CR 650 |
| v. ) | |
| ) | Judge John Robert Blakey |
| VINCENT STORME ) | |

**GOVERNMENT'S MOTION TO REVOKE BOND**

The UNITED STATES OF AMERICA, by its attorney MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, moves for the revocation of defendant VINCENT STORME's bond under 18 U.S.C. § 3142(e). In light of ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ prior violations of pretrial release conditions, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ defendant presents a serious risk of nonappearance in his present state. Absent a concrete proposal from defendant as to how to assure his ▬▬▬▬▬ appearance short of detention, the government moves for revocation of his release.

**BACKGROUND**

### I. Defendant's Pretrial Release

After defendant was charged by criminal complaint in this case, the government moved for his detention pending trial. Dkt. 6. Pretrial Services agreed that defendant posed a risk of non-appearance and a risk of danger to others, but ultimately recommended that defendant be released on secured bond with various other conditions. Dkt. 11-12. On September 30, 2020, defendant was ordered released subject to conditions, including a $100,000 secured appearance bond, a requirement

1

that his mother move from Virginia to reside with him in Chicago and serve as his third-party custodian, adherence to a "no-contact" list, a curfew, and location monitoring. Dkt. 13-15, 90.

██████████████████████████████████████████████████████████████

████████████████████████████████████████████ Dkt. 19. On Pretrial Services' recommendation, and without objection by the parties, the Court imposed additional conditions requiring defendant to sign a release allowing Pretrial Services to verify his participation in and compliance with recommended treatment services, and ordering defendant to abide by any treatment recommendations made by a medical practitioner. Dkt. 20. The Court also modified his conditions to require him to notify Pretrial Services before changing his place of treatment and to provide detail about his place and type of treatment. Dkt. 26.

In January 2021, Pretrial Services reported defendant's failure to comply with his curfew and location monitoring on more than 30 occasions in late 2020 and early 2021. A few days later, on or about February 2, 2021, Pretrial Services reported that ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████ In light of the above, Pretrial Services recommended further modifications to defendant's conditions.

2

At defendant's next status hearing, on February 8, 2021, the Court addressed the violation reports and modified defendant's conditions to allow for imposition of a more stringent curfew, and to order defendant to have no contact with his ex-girlfriend, refrain from excessive use of alcohol, and submit to substance abuse testing as directed by Pretrial Services.

Several months later, in June 2021, the Court granted defendant's motion to modify his conditions of release and allow his mother (and third-party custodian) to move back to Virginia. Dkt. 71, 76.

In August 2021, after the Court denied defendant's first motion to dismiss the indictment, ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ██████████████████████

Following the November 2021 return of the superseding indictment against defendant, and the November 2022 withdrawal of defendant's former defense counsel, Pretrial Services reported to the Court that ████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ██████████████████████

3

## II. Defendant's Revocation and Suicide Attempt

Ahead of last week's August 3 hearing on defendant's consolidated pretrial motions, ███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████

On August 3, 2023, following the motion hearing, this Court ordered defendant's bond revoked and remanded defendant into custody, pending a further written order regarding defendant's pretrial detention. Dkt. 139. On the direction of

the Court, the parties conferred with Pretrial Services, who summarized the above-referenced reports (Dkt. 140-42) in connection with the Court's revocation order.

██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
███████████████████████████████

On August 7 and 8, 2023, ██████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
███████████████████████████████

## **ARGUMENT**

Section 3142(e) of the Bail Reform Act provides that the court "shall order the detention of [defendant] before trial," if, after a hearing pursuant to Section 3142(f), the court finds that no condition or combination of conditions will reasonably assure defendant's appearance as required (and the safety of any other person and the

5

community). 18 U.S.C. § 3142(e). The government bears the burden of proof by a preponderance of risk of nonappearance under Section 3142(e). *See United States v. Portes*, 786 F.2d 765 (7th Cir. 1985) (explaining that though the Bail Reform Act "does not establish he quantum of proof by which the government must establish this risk of flight," the court "adopt[s] the position taken by the other circuits that congressional silence means acquiescence in the traditional preponderance of the evidence standard.").[1]

In light of defendant's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and his prior violations of his conditions of pretrial release—and in the absence of a concrete plan ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—the government submits that defendant's risk of nonappearance has been established by a preponderance of the evidence and thus moves for revocation of defendant's pretrial release.

Numerous courts have considered ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



---

[1] Section 3148(b) offers another avenue for revocation where, as here, the defendant has violated a condition of release, and, based on the factors set forth in Section 3142(g), there is no condition or combination of conditions of release that will assure that the defendant will not flee or pose a danger to the safety of any other person or the community, or the defendant is unlikely to abide by any condition or conditions of release. 18 U.S.C. § 3148(b).



his prior repeated violations of his conditions of release, and his lack of ties to this district—flagged early on by Pretrial Services, and of renewed concern following his mother and third-party custodian's departure from this district—further establish his risk of nonappearance in his present condition.

The government agrees with defense counsel that defendant should receive appropriate mental health treatment, and acknowledges defense counsel's efforts thus far to form a plan for defendant's evaluation and treatment upon any release. However, the uncertainty around defendant's proposed course of action upon any release fails to adequately mitigate the risk of defendant's nonappearance ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. The government thus submits that unless and until a more concrete plan for defendant's treatment reasonably assures his ▆▆▆ future appearances—▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆—defendant should remain detained.

## CONCLUSION

For the foregoing reasons, the government moves to revoke defendant's bond.

Dated: August 9, 2023

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By:   */s/ Ashley A. Chung*
ASHLEY A. CHUNG
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, IL 60604
(312) 697-4089