## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 20-CR-650 |
| v. | |
| VINCENT STORME. | Judge John Robert Blakey |
| Defendant. | |

## FINAL PRETRIAL ORDER

This matter is before the Court on the parties' respective pretrial motions, [137], motions *in limine*, [193], [194], and [196], and argument by counsel on January 26, 2026. The Court has considered the entire record including the parties' oral arguments and written submissions. For the reasons stated on the record during the Final Pretrial Conference and the additional reasons provided herein, the Court rules as set forth below. To the degree that this Order preliminary bars any evidence or argument, that evidence or argument remains excluded at trial unless—outside the jury's presence—a party seeks reconsideration and obtains the Court's prior leave to present it.

By prior order, this matter remains set for jury trial at 9:30 a.m. on February 2, 2026, in Courtroom 1203. Counsel for both sides must re-review this Court's standing orders prior to trial.

### I.     Case Statement

The parties have presented the Court with a preliminary case statement. [237] at 1–2. Both sides represented they will file an agreed revised preliminary case statement to be given to the venire during Jury Selection. Parties shall submit their agreed upon revised case statement on or before **noon** on **Friday, January 30, 2026**. The case statement will not be filed on the docket.

## II.     Witnesses

This Court accepts the witness list that the Government submitted in the parties' Joint Pretrial Memorandum.  The Defendant has made no categorical objection to the Government's witness list.  The Defendant has not presented a witness list.

## III.     Exhibits

Subject to the rulings in this Order as to the parties' potential stipulations, motions *in limine*, and pretrial motions, this Court will rule upon the admissibility of exhibits as the parties introduce them at trial.  The parties must raise any objections during trial.  The Defendant has made no categorical objections to any of the Government's proposed exhibits.  An exhibit binder must be provided to the Court **at 9:00 a.m. on the day of jury selection**.  This must contain both hard copies and digital exhibits.

By agreement, the Government wishes to selectively publish two exhibits of a sensitive nature.  Parties must provide the Court with a written basis explaining why the exhibits should not be published generally to the public.  Parties should file this document outlining the reasons on or before **noon** on **Friday, January 30, 2026**.  In this filing, parties must specify the proposed method of presentation of the evidence and any agreed redactions.

## IV.     Stipulations

Parties have not yet entered into any stipulations.  If the parties intend to introduce stipulations, any such stipulation must be given a unique number, reduced to writing, reviewed and approved by the parties, and reviewed by the Court prior to being offered into evidence.  Any hand-written stipulations must be typed before jury deliberations.  As soon as the parties execute any stipulations, they may file them on the docket.

## V.     Jury Selection Questions

Jury selection will proceed as described at the Final Pretrial Conference and in accordance with this Court's standing orders and this Court's Jury Selection Protocol.  This Court has reviewed the Government's proposed jury selection questions, but as stated in open court, notes that the parties must ensure that they phrase all questions appropriately to the venire.

A list of names will be attached to the jury's questionnaire. Both parties shall provide the Court with an alphabetical list of witnesses and any other names to be mentioned in the evidence on or before **noon** on **Friday, January 30, 2026**. Parties shall also provide the Court with a document revealing the identities of Individuals A, B, and C on or before **noon** on **Friday, January 30, 2026**. These documents will not be filed on the docket.

By agreement, during selection of the jury and any alternate(s), the Government will be allowed a total of 7 peremptory challenges (6 for jury and 1 for the alternate juror), and the Defendant will be allowed a total of 11 peremptory challenges (10 for jury and 1 for the alternate juror). By agreement, and consistent with the rules of procedure, there will be at least one alternate juror for this trial.

## VI.   Forfeiture

The Defendant has not stated his position on forfeiture at this point. Either an executed written waiver of forfeiture, or a set of proposed jury instructions concerning forfeiture, must be docketed on or before the morning of jury selection at **9:00 a.m.** on **February 2, 2026**.

## VII.   Motions *in Limine* & Pretrial Motions

### A. Pretrial Motions

### 1. Defendant's Motion to Dismiss, Sever Counts, and for a Bill of Particulars [137]

Defense previously moved to dismiss the indictment, sever the counts of the indictment, and for the Government to produce a Bill of Particulars. [137]. The Court denies these motions. By agreement, the reasons for the denials will be addressed at a later point in the proceedings by a separate order.

**B. Government's Consolidated Motions *in Limine* [193]**

**1. Motion to Exclude Argument, Evidence, or Inquiry that May Encourage Jury Nullification, [193] at 3–9.**

The Government seeks to bar the Defendant from making any argument eliciting jury nullification in several different ways. The Defendant does not object to any part of this motion. The Court **GRANTS AS AGREED** the Government's motion barring arguments aimed at jury nullification.

**2. Motion to Preclude Impermissible Use of Witness Interview Memoranda During Cross-Examination, [193] at 9–12.**

The Government seeks bar the impermissible use of law enforcement interview reports. The Defendant does not object to this motion. The Court **GRANTS AS AGREED** the Government's motion.

**3. Motion to Preclude Requests for/or Commentary Regarding Discovery in the Presence of the Jury, [193] at 12.**

The Government seeks to keep discussions of discovery outside the presence of the jury. The Defendant does not object to this motion. The Court **GRANTS AS AGREED** the Government' s motion.

**4. Motion to Preclude Argument Explaining or Defining Reasonable Doubt, [193] at 13.**

The Government seeks to bar either side from defining reasonable doubt. The Defendant does not object to this motion. The Court **GRANTS AS AGREED** the Government's motion.

**5. Motion to Preclude Evidence Pertaining to the Victims' Sexual Behavior, Where Defendant Has Not Sought Prior Authorization Pursuant to Federal Rule of Evidence 412 and No Exception Applies, [193] at 13–14.**

The Government seeks to limit questioning about the witnesses' sexual behavior. Additionally, the Government does not intend to present evidence of the assaults of Individual B or C but reserves the right to use them for impeachment purposes, if necessary, with prior leave of court. The Defendant agrees that *mens rea* is the primary dispute in this case, and thus, he consents to the agreed limitations on argument or evidence relating to the sexual behavior of the witnesses. The Court **GRANTS AS AGREED** the Government's motion, as described in court.

6. **Motion to Preclude Evidence Pertaining to Defendant's Mental Health, Where Defendant Has Not Sought Prior Authorization Pursuant to Federal Rule of Criminal Procedure 12.2, [193] at 14–15.**

The Government asks that Rule 12.2 evidence relating to the Defendant's mental state be excluded. The Defendant does not object. The Court **GRANTS AS AGREED** the Government's motion, as discussed in court. While the Defendant may still argue that the Government has not met its burden of proof as to his requisite state of mind as to the charged offenses, he may not introduce improper evidence or expert opinion through lay witnesses.

7. **Motion to Admit Business Records Under Federal Rules of Evidence 803(6) and 902(11), [193] at 16–20.**

The Government asks for certain business records to be admitted into evidence. The Court **DENIES WITHOUT PREJUDICE** this motion. If parties do not execute stipulations prior to jury selection, the Government must come to trial prepared to lay the necessary foundation for the records.

8. **Motion to Preclude Commentary Regarding the Court's Evidentiary Rulings, [193] at 20.**

The Government asks for counsel to be barred from referring to excluded evidence or otherwise commenting on evidentiary rulings in front of the jury. The Defendant does not object. The Court **GRANTS AS AGREED** the Government's motion.

C. **Government's Supplemental Consolidated Motions *in Limine* [196]**

9. **Motion for Protective Order and Order Limiting Cross Examination, [196] at 1–3.**

The Government requests a protective order for information about a testifying agent that it believes is not proper *Giglio* material. The Court **GRANTS AS CLARIFIED** the Government's motion, as discussed in court. As agreed during the Pretrial Conference, the Government shall send the Defense counsel the protected information for attorney-only review. Defense counsel may raise a timely objection prior to jury selection, if he believes the information might be admissible, or if there are any issues that must be addressed by the Court.

10. **Motion to Admit Evidence from Defendant's Prior Relationships with Individual A, Individual B, and Individual C as Direct Evidence, or in the Alternative, as Non-Propensity 404(b) Evidence, [196] at 4–9.**

The Government seeks to admit evidence pertaining to behavior the Defendant exhibited during his relationships with Individuals A, B, and C, predating the charged conduct. The Court **GRANTS AS AGREED** this motion. As part of this agreement, during its case-in-chief, the Government will seek to admit the assault of Individual A as direct evidence, but not specific assaults against Individuals B and C. The parties have discussed the issues extensively, and they have agreed upon the specific information they will, and will not, seek to admit at trial.

11. **Oral Motion to Re-Call the Case Agent**

At the Pretrial Conference, the Government orally moved to be given the opportunity to call the case agent multiple times during its presentation of evidence. The Defendant does not object. The Court **GRANTS AS AGREED** the motion.

D. **Defendant's Consolidated Motions *in Limine* [194]**

1. **Motion to bar all testimony, evidence, or argument that is unfairly prejudicial, confusing, or misleading under Rule 403, [194] at 1–11.**

The Defendant requests to bar the use of multiple terms throughout trial. The Government does not object to the application of Federal Rule of Evidence Rule 403 at trial. As to specific terms referenced in Subpart A of the Defendant's motion, he seeks to ban the use of the words: "threat," "extortion," "defamation," and "sexually explicit." The Court **GRANTS AS AGREED IN PART** this motion, as stated in court. As clarified during the Pretrial Conference, the parties and witnesses shall refrain from using the terms "extortion" and "defamation." All, however, are free to use the terms "threat" and "sexually explicit." In Subpart B of his motion, the Defendant seeks to ban the use of the terms: "intimidation," "harassment," and "stalking." The Court **DENIES WITHOUT PREJUDICE** the Defendant's motion. Both sides shall make timely objections at trial as they see fit. If parties think it necessary, they may provide the Court with any proposed limiting instructions for trial on or before **noon** on **Friday, January 30, 2026**.

**2. Motion to bar reference to Individuals A, B, or C as "victims.", [196] at 11.**

Defense counsel asks to preclude the Government and its witnesses from referring to Individuals A, B, or C as "victims." The Court **GRANTS AS AGREED IN PART** the Defendant's motion, as discussed in court. The Government is free to argue in its opening and closing with the term "victim," however, the references should be avoided during presentation of the trial evidence.

**3. Motion to bar all 404(b) evidence not noticed, [194] at 11–12.**

The Defendant asks to exclude 404(b) evidence not noticed at least one month before trial. The Government does not object. The Court **GRANTS AS AGREED** the Defendant's motion.

**4. Motion to bar hearsay, [194] at 12.**

The Defendant asks for inadmissible hearsay to be barred. The Government does not object. The Court **GRANTS AS AGREED** the Defendant's motion.

**5. Motion to bar videos under Rule 901, [194] at 12–13.**

The Defendant objected to certain surveillance footage on authentication grounds. Both parties, however, now state that this issue can be resolved in favor of admission through a stipulation. The Court **DENIES WITHOUT PREJUDICE** the Defendant's motion.

## VIII.  <u>Jury Instructions and Verdict Forms</u>

The Government has proposed a list of pattern, and non-pattern, jury instructions. [237] at 7–10. The Defendant will advise the Court on or before **noon** on **Thursday, January 29, 2026**, of its position on the Government's proposed instructions and will submit the Defendant's proposed instructions, if any. Rulings on jury instructions will be resolved at the instruction conference, which will proceed as discussed in court.

The Government additionally submitted a proposed verdict form. [237] at 11–12. By **noon** on **Thursday, January 29, 2026**, the Defendant will inform the Court of its position on the Government's proposed verdict form.

### IX.    Courtroom Technology

Both parties are invited and encouraged to make full use of the courtroom's technology to present their evidence.  This Court emphasizes that the parties shall arrange for, **and test**, all technology **before** trial begins.

### X.    Trial Briefs

If parties determine the case requires any memorandum of law at trial, it must be submitted by 9:00 a.m., on the day of jury selection.  As explained on the record at the Pretrial Conference, the parties shall not file other briefs or memoranda of law during trial absent prior leave of Court.

### XI.    Case Schedule

For the duration of trial, this Court will normally sit the jury promptly at 9:30 a.m., and counsel must arrive in Court at least 30-minutes prior to the start time for each session.  If the parties wish to discuss issues that arise during trial, they must immediately inform this Court, so that this Court may address the matter prior to trial and, thus, seat the jury on time.

Dated: January 27, 2026

Entered:

John Robert Blakey
United States District Judge